**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-4742**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRELL GERALD TAYLOR,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (CR-04-115-F)

—————————

Submitted:  April 10, 2006                Decided:  May 9, 2006

—————————

Before MOTZ, KING, and SHEDD, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darrell Gerald Taylor was convicted after a jury trial of possession of a firearm by a convicted felon. He appeals, raising claims of insufficiency of the evidence, prosecutorial misconduct during the closing argument, and improper jury instructions. After careful consideration, we affirm.

I.

A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996).

To prove a violation of 18 U.S.C. § 922(g)(1) (2000), the Government must establish: (1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding

- 2 -

one year; (2) the defendant knowingly possessed the firearm; and (3) the possession was in or affecting commerce. <u>United States v. Langley</u>, 62 F.3d 602, 606 (4th Cir. 1995). Taylor first argues that there was insufficient evidence to show that his prior conviction was for a crime "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1).

The district court instructed the jury, without objection, that it must determine that Taylor had "been convicted of a felony, that is a crime punishable by a term in excess of one year." Taylor's probation officer testified that Taylor was on probation for possession of cocaine, a Class I felony, and the state judgment was published to the jury. In addition, in his closing argument, Taylor's counsel conceded that his client was a convicted felon. Accordingly, the evidence was sufficient for the jury to conclude that Taylor had a qualifying prior conviction under § 922(g).

Taylor also contends that his prior conviction did not satisfy § 922(g) as a matter of law because, under North Carolina law, he only faced a sentence of twelve months, due to his lack of admitted aggravating factors. <u>See</u> <u>North Carolina v. Allen</u>, 615 S.E.2d 256, 265-70 (N.C. 2005) (holding that, after <u>Blakely</u>, statutory maximum is the maximum that this particular defendant can face in light of his criminal history and the fact found by a jury or admitted by the defendant). However, as Taylor admits, his

argument is foreclosed by our decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir.) (holding that "a prior North Carolina conviction was for a crime punishable by imprisonment for a term exceeding one year . . . if any defendant charged with that crime could receive a sentence of more than one year"), cert. denied, 126 S. Ct. 297 (2005). Harp considered and rejected the argument that Allen required a more individualized analysis of what constitutes a felony.* Id. at 246-47. Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of felony possession of cocaine, Taylor's prior conviction was properly considered a felony.

Taylor next contends that the evidence was insufficient to show that he possessed the firearm. However, we find the evidence to be more than sufficient. Taylor ran from the police, and his actions and body movements alerted the officers that he might have a gun. One officer saw Taylor make a throwing motion and immediately thereafter recovered a revolver, lying in plain view, from the exact area where the throwing motion had taken place. In addition, the gun was stolen shortly before the offense date. Although the evidence was circumstantial, it was sufficient to enable a jury to conclude that Taylor possessed the firearm.

*At the time Harp was decided, Allen was still pending on appeal to the North Carolina Supreme Court. However the Supreme Court affirmed the holding of the North Carolina Court of Appeals, which was the holding considered by this court.

II.

To obtain a new trial on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was improper, and that the "conduct prejudicially affected his substantial rights so as to deprive him of a fair trial." United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002).  Moreover, "it is undisputed that closing argument is not merely a time for recitation of uncontroverted facts, but rather the prosecution may make fair inferences from the evidence."  United States v. Francisco, 35 F.3d 116, 120 (4th Cir. 1994).  Because Taylor did not object to any portion of the Government's closing argument, his claims are reviewable only for plain error.  United States v. Sanchez, 118 F.3d 192, 197 (4th Cir. 1997).

First, Taylor contends that the Government (1) improperly informed the jury that the fact that Taylor was a convicted felon and, therefore, could not have a gun was undisputed, (2) improperly bolstered testimony that the gun was stolen, and (3) misconstrued an officer's testimony.  However, our review of the record shows that the Government's statements accurately summarized the evidence.

Taylor also asserts that the Government erred by stating that an officer's recollection was recorded in police reports, even though the reports were not in evidence.  Specifically, the Government stated, "[b]elieve me, if they didn't put that in there,

you would have heard about it from the defense." This statement referred to Taylor's cross-examination of another officer, which focused on what was in the police report, what was left out, and how that impacted the testimony at trial. The Government's statement was really a comment on defense counsel's cross-examination. In any event, even if the statement was improper, it concerned an ancillary issue. Thus, any error did not affect Taylor's substantial rights.

III.

In general, the decision to give, or not to give, a jury instruction, and the content of that instruction are reviewed for an abuse of discretion. United States v. Burgos, 55 F.3d 933, 935 (4th Cir. 1995). To be entitled to a requested jury instruction, the party urging the instruction must establish a sufficient evidentiary foundation to support the instruction. United States v. Lewis, 53 F.3d 29, 33 n.8 (4th Cir. 1995). The denial of a requested instruction is reversible only if the proposed instruction: (1) was correct, (2) was not substantially covered by the court's charge to the jury, and (3) dealt with a point so important that failure to issue the requested instruction seriously impaired the defendant's ability to conduct his defense. Id. at 32.

First, Taylor alleges that the court erred by failing to give his requested instruction regarding the impact that bias or prejudice might have on a witness's testimony. Taylor asserts this instruction was important, because Taylor had accused the officers of being racist when he was arrested, and their testimony might be colored by this statement. However, the jury was instructed that an officer's testimony is not entitled to greater or lesser weight than an ordinary witness, that it should take into account any benefit or interest the witness may have in the outcome of the case, and that it should consider the witness's relationship with the defendant, as well as his candor and fairness. Accordingly, the content of the requested instruction was covered by the court.

Next, Taylor asserts that the district court should have included his requested instruction that mere presence at the scene of a crime is not enough to show guilt. The district court properly concluded that the "mere presence" instruction did not deal with the factual situation presented at trial. Specifically, there was no "crime scene" unless Taylor possessed the gun. Absent his possession, there was no crime at all which could be improperly attributed to him by his presence. Thus, the district court's instructions regarding the requirement of showing possession were adequate to prevent a conviction based solely on Taylor's proximity to a gun. Thus, there was no error.

IV.

Accordingly, we affirm Taylor's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED